IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Criminal Action No. 5:08CR12-05
                                                  (STAMP)

TONY KENDRICK,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR PLEA AGREEMENT
AND DENYING DEFENDANT'S PRO SE MOTIONS TO OBTAIN TRANSCRIPT**

By letter dated August 21, 2018, the defendant, Tony Kendrick ("Kendrick"), requested a copy of his plea agreement and sentencing transcript which letter the Court construed and filed as a motion to obtain transcript (ECF No. 268).

It is ORDERED that the defendant's motion regarding his plea agreement (ECF No. 268) is GRANTED. The defendant's plea agreement (ECF No. 135) is filed under seal. The Clerk is DIRECTED to unseal the document for the purpose of providing the defendant with a copy of the agreement. The Court permits the release of the plea agreement to the defendant in accord with the Court's standard policy of mailing court documents to inmates which is that the documents will be sent to the warden of the facility in which the defendant is incarcerated.

By letter dated February 21, 2019, the defendant again requested a copy of his sentencing transcript and docket sheet (ECF No. 269).

An indigent defendant may not obtain transcripts of proceedings at government expense unless this Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Moreover, federal inmates are not entitled to transcripts at government expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 326–27 (1976); United States v. Hamlett, 128 F. App'x 320, 321 (4th Cir. 2005). The Court will not provide transcripts to indigent prisoners merely so that they may "comb the record in the hope of discovering some flaw." Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) (quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)); accord United States v. Parker, 273 F. App'x 243, 244 (4th Cir. 2008).

The defendant has stated no reason why he needs the transcript. The defendant thus has failed to demonstrate any particularized need for the request, and in the absence of an appeal, there is no suit or other proceeding pending in which the Court may certify that the transcripts are needed. The Court will not provide the defendant with a transcript free of charge, and, therefore, the defendant's motions for a transcript of the sentencing hearing are DENIED.

If the defendant wishes to purchase a copy of the transcripts in this case, the defendant must pay the proper fees to the court

reporter, who may provide the defendant with an estimate of the cost of the transcripts. The defendant then must remit this amount to the court reporter before acquiring a copy of the transcripts. The court reporter may release the transcripts only upon proper payment of the cost by the defendant in accord with this District's standard policy of mailing court documents to inmates.

The court reporter is DIRECTED to provide the defendant with an estimate of cost of his transcripts. The defendant must then remit this amount beforehand to the court reporter in order to acquire a copy of the transcripts. The Court permits the court reporter to release the sentencing transcripts upon proper payment of the cost by defendant in accord with the Court's standard policy of mailing court documents to inmates which is that the documents will be sent to the warden of the facility in which the defendant is incarcerated.

IT IS SO ORDERED.

The Clerk is directed to provide a copy of this order to the pro se defendant by certified mail at the defendant's last known address and to counsel of record and the court reporter via electronic means.

DATED: February 26, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE